UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Hock,<br><br>Plaintiff,<br><br>vs.<br><br>Franconia Sculpture Park and Jane/John Does 1-3,<br>Defendants. | Civil Case No. 0:24-cv-3546 _____<br><br>**COMPLAINT**<br>**(VARA Violation)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff John Hock, as and for his Complaint against Defendants, states and alleges as follows:

**PARTIES**

1. Plaintiff John Hock ("Plaintiff") is a Minnesota resident with his principal place of residence in Shafer, Minnesota.

2. Defendant Franconia Sculpture Park ("Franconia") is a Minnesota non-profit corporation with its principal place of business at 29836 St. Croix Trail, Shafer, Minnesota 55074. Defendant Franconia was involuntarily dissolved by the Minnesota Secretary of State on or about February 22, 2024 for failing to file a timely annual renewal. On information and belief, Defendant Franconia has continued to operate as a non-profit. (*See* https://www.franconia.org)

3. Plaintiff does not know the exact identities and names of the Franconia Board of Director members named herein as Jane/John Does 1-3 and therefore has

utilized fictitious names. Such actors are personally responsible for the occurrences alleged herein and Plaintiff's damages were directly and proximately caused by their actions. Plaintiff will amend this Complaint to allege the identities and names of such Franconia Board Members when confirmed and ascertained.

## JURISDICTION AND VENUE

4. This Court has original and exclusive jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in that this is an action for violation of the Visual Artists Rights Act and arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the related common law and state law claims asserted herein.

5. Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(a).

## JURY DEMAND

6. Plaintiff requests a jury trial for all issues so triable.

## BACKGROUND FACTS

7. Plaintiff is an artist, arts administrator, artist advocate, and champion of the arts. He is the founder and Director of NE SCULPTURE I Gallery Factory and the Social Justice BillBoard Project, both located in Minneapolis, MN. Plaintiff is also the chief curator and manager for the City of St. Paul's Western Sculpture Park for Public Art St. Paul. Plaintiff also co-founded the City of Poughkeepsie Sculpture Park in New York.

8. Plaintiff is an acclaimed sculptor, specializing in large-scale abstract sculptures which are located in collections and public sculpture parks throughout the

United States and England. He has received fellowships and awards from the National Foundation for the Advancement of Arts, New York Foundation for the Arts, McKnight Foundation Individual Artists Grant, Athena Foundation, and the Pollock-Krasner Foundation Award.

9. Plaintiff is the founding director and former C.E.O. and Artistic Director of Defendant Franconia. Plaintiff put his own blood, sweat, tears and money into creating "Prometheus III," a fabricated steel, painted sculpture standing approximately 53 feet in height and weighing approximately 34,000 lbs. The hulking abstract structure was named after the Titan hero Prometheus. According to Greek mythology, Prometheus was chained and tortured by Zeus, the God of Thunder, for stealing fire from the heavens and giving it to humans. Prometheus III was created over an approximate twelve plus year period. It was prominently exhibited on Franconia's "Launching Pad" for more than six (6) years following its completion in 2017.

10. Prometheus III received significant acclaim and recognition. According to media descriptions, the fabricated steel, painted abstract work "appears at first to be super tough, but its circular shapes convey a softness."

11. On or about Dec. 28, 2023, pursuant to specific authorization and instructions from Franconia's Board of Directors, including Jane/John Does 1-3, Prometheus III was destroyed for scrap by Amery Auto Salvage.

12. At no point did Franconia notify or advise Plaintiff that it intended to destroy Prometheus III or obtain Plaintiff's permission or authority to do so.

13. Franconia's intentional destruction of Prometheus III received media attention and scrutiny, resulting in an outpouring of support for Plaintiff.

14. Following multiple unsuccessful attempts to contact Franconia and attempt to reach an amicable resolution, Plaintiff is regrettably forced to commence the present lawsuit seeking redress pursuant to, without limitation, the Visual Artists Rights Act.

## COUNT I
## Visual Artists Rights Act (17 U.S.C. § 106A)

15. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

16. Plaintiff was the author and owner of Prometheus III, an abstract fabricated steel, painted sculpture.

17. Prometheus III was not a work for hire within the meaning of the Copyright Act. Without limitation, Plaintiff created Prometheus III on his own time and paid for all costs and expenses associated with such work. Defendants had no control over the creation of such work and no control over Plaintiff's efforts on such work.

18. Prometheus III was a work of recognized stature within the meaning of the Visual Artists Rights Act.

19. On or about December 28, 2023, Defendants willfully and intentionally had Prometheus desecrated, distorted, mutilated, and destroyed for scrap in violation of Plaintiff's rights as set forth in 17 U.S.C.A. §106A.

20. Despite being on notice of Plaintiff's rights in Prometheus III, Defendants failed to obtain Plaintiff's authority or permission prior to destroying Prometheus III.

21. Defendants failed to provide Plaintiff with any advance notice they intended to destroy Prometheus III.

22. In destroying and mutilating Prometheus III, Defendants acted willfully, intentionally, and/or with gross negligence.

23. Defendants Jane/John Does 1-3 induced, caused, and materially contributed to the violation of Plaintiff's rights as set forth in 17 U.S.C.A. §106A by knowingly encouraging, inducing, allowing, authorizing, participating in, or assisting others in the willful and intentional destruction of Prometheus III.

24. Defendants' destruction of Plaintiff's artwork of recognized stature is the proximate cause of considerable damage and prejudice to Plaintiff within the scope of the Visual Artists Rights Act, 17 U.S.C.A. §106A.

## COUNT II
### Negligence

25. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

26. Defendants, as custodians of Prometheus III, owed a duty of care to Plaintiff to preserve the work and provide Plaintiff ample notice in the event it intended or planned to modify, harm or damage such sculpture in any way.

27. By engaging in the acts alleged above, Defendants breached their duty to Plaintiff by destroying Prometheus III without warning or notice to Plaintiff.

28. Defendants' destructive acts were the proximate cause of significant injury and damage to Plaintiff. The amount of such damages will be proven at trial.

## COUNT III
## Unjust Enrichment

29. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

30. Defendants have unlawfully received benefits from their unauthorized destruction of Prometheus III for scrap.

31. Defendants have accepted and retained such benefits knowing that their conduct was unjust and that retaining such benefits was inequitable.

32. Defendants have been unjustly enriched by retaining the benefits they received as a result of their unauthorized conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in its favor and against Defendants as follows:

1. Awarding Plaintiff all damages sustained as a result of the acts complained of herein;

2. With respect to Plaintiff's Visual Artists Rights Act claim, an alternative award of statutory damages in the maximum amount permitted under the Act;

3. Awarding Plaintiff all of his costs, attorneys' fees and expenses incurred in this action;

4. Awarding Plaintiff all allowable interest;

134858675v1

5. Awarding Plaintiff such other and further relief as the Court deems appropriate and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: September 5, 2024　　　　　　TAFT STETTINIUS & HOLLISTER LLP


By:*/s/ Michael Lafeber*
　　Michael M. Lafeber (MN #242871)
　　O. Joseph Balthazor Jr. (MN #399093)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 977-8400
mlafeber@taftlaw.com

**ATTORNEYS FOR PLAINTIFF**

134858675v1